# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAVIER ALONSO BELTRAN,<br><br>　　　　　Defendant. | Case No.: 1:18-cr-00153-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. 2255; AND DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docs. 42, 43, 49) |

Javier Alonso Beltran brings the instant motion under 28 U.S.C. § 2225, arguing that his conviction for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) are unconstitutional because the predicate offense used to support those § 924(c) convictions, Hobbs Act robbery, is not a crime of violence under the so called "elements clause" of § 924(c), set forth at § 924(c)(3)(A). (Docs. 42, 43, 49.) Beltran initiated his motion pro se on July 19, 2019 and subsequently filed a second, substantially identical pro se motion on September 9, 2019. (Docs. 42, 43.) The Court referred the case to the Federal Public Defender. (Doc. 45.) Through counsel, Beltran supplemented his motion on January 22, 2020. (Doc. 49.) The government opposed the motion on March 12, 2020 (Doc. 54) and movant filed his reply on May 21, 2020. (Doc. 60.) Shortly thereafter, Movant requested that stay the proceedings pending the outcome of *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020). (Doc. 61.) The stay was lifted on November 7, 2022. (Doc. 85.) On November 21, 2023, the Court issued another stay pending the outcome of the appeal from the Ninth

1

Circuit's decision in *United States v. Eckford*, 77 F.4th 1228 (9th Cir. 2023). (Doc. 93.) On January 9, 2024, Defendant requested that the Court lift the stay in light of the Supreme Court's decision to deny certiorari in *Eckford*. (Doc. 94; *see also Eckford v. United States*, No. 23-5962, 2023 WL 8532075 (U.S. Dec. 11, 2023)).

## I.     Factual Background

The indictment alleged that Mr. Beltran and his coconspirators committed eleven armed robberies of gas stations, convenience stores, and liquor stores. (*See* Doc. 15.) Beltran was charged with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, two counts of interference with commerce by Hobbs Act robbery in violation of 18 U.S.C. § 1951, and two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 15.) Beltran pleaded guilty to the two § 924(c) counts and agreed as part of his plea to having brandished a firearm during two robberies. (*See* Doc. 35.) The Court sentenced Beltran to 23 years in prison. (Doc. 40 at 2, dated Mar. 4, 2019.)

## II.    Analysis

Beltran argues that the predicate crime for his § 924(c) convictions – Hobbs Act robbery – does not qualify as an act of violence. (Doc. 43 at 4.) He points out that the § 924(c) convictions cannot be premised upon the so-called "residual clause" of § 924(c), because that clause was found unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 49 at 8–9.) In his initial pro se and supplemental motions, he also argued that Hobbs Act robbery could not qualify under the elements clause of § 924(c). (*Id*. at 10–13.) As discussed below, subsequent developments in the law foreclose this argument.

In *Dominguez*, the Ninth Circuit held both that Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence for purposes of § 924(c)(3)(A). 954 F.3d at 1255 ("We agree with the Eleventh Circuit that attempted Hobbs Act armed robbery is a crime of violence for purposes of § 924(c) because its commission requires proof of both the specific intent to complete a crime of violence, and a substantial step actually (not theoretically) taken toward its completion . . . Since

///

///

Hobbs Act robbery is a crime of violence, it follows that the attempt to commit Hobbs Act robbery is a crime of violence.").[1] The Supreme Court granted review in both *Dominguez* and *United States v. Taylor* (4th Cir. 2020), to resolve a circuit split over whether *attempted* Hobbs Act Robbery qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). In *Taylor,* the Court affirmed the Fourth Circuit's ruling, holding that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force. *Id*. at 2026. A few days later, the Supreme Court vacated the judgment in *Dominguez* and remanded it to the Ninth Circuit for consideration in light of its holding in *Taylor*. *Dominguez,* 142 S. Ct. 2857 (2022). The Ninth Circuit thereafter vacated Dominguez's § 924(c)(3)(A) conviction premised on attempted Hobbs Act robbery. *United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022). Subsequently, however, in In *United States v. Eckford*, the Ninth Circuit reasserted that "Hobbs Act robbery is a crime of violence." 77 F.4th 1228, 1237 (9th Cir. 2023), and specifically indicated that precedent on that point is not "undermined by the Supreme Court's decision in *Taylor*." *Id*. Thus, Hobbs Act robbery remains a crime of violence in this Circuit. Consequently, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 is **DENIED**.

**III.    Certificate of Appealability**

The Court now turns to whether it should issue a certificate of appealability. A habeas movant does not have an absolute right of appeal and cannot appeal and can only appeal if the Court issues a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, ... includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Given the clarity of the case law in this matter, the

---

[1] *Dominguez* was decided after Defendant filed his supplemental. His supplemental motion acknowledged that *Dominguez* rejected the argument that Hobbs Act robbery is not a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) but disagreed with that finding and requested that the Court stay the matter until *Dominguez* became final. (Doc. 60.) The Court did so but lifted the stay after the further legal developments described herein. (Doc. 85.)

Court finds that no reasonable jurist would find the Court's dismissal in the instant matter debatable. Therefore, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **January 11, 2024**                              _____
                                                                            UNITED STATES DISTRICT JUDGE